**Ralph S. WRIGHT, Appellant,**

v.

**Charles E. GIBSON, U. S. Probation Officer, et al., Appellees.**

**No. 23587.**

United States Court of Appeals
Fifth Circuit.

June 15, 1966.

Kendell W. Wherry, Asst. U. S. Atty., Tampa, Fla., for appellees.

ORDER

Before HUTCHESON, RIVES and BROWN, Circuit Judges.

PER CURIAM:

The district court dismissed the appellant's petition for a writ of habeas corpus but entered an order permitting an appeal in forma pauperis; and further ordered that the petitioner be furnished a copy of the hearings in this case at government expense. The transcript of such hearings has been prepared and comprises 101 typed pages. The record on appeal was filed April 14, 1966.

On May 4, 1966, this Court denied the petitioner's *pro se* petition for appointment of counsel. On May 31, 1966, the appellees moved to dismiss the appeal for lack of prosecution. On June 9, 1966, the appellant *pro se* wrote a letter to the Clerk stating that he did not have the funds necessary to engage an attorney to prosecute his appeal and was not well enough informed to handle the same himself, and, consequently, had no choice "but to ask that my appeal be withdrawn because of the above reasons." Under the circumstances, the Court is of the opinion that the filing of a brief on behalf of the appellant should be waived and that otherwise the appeal should proceed in due course.

It is, therefore, ordered that the motion of the appellees to dismiss the appeal for lack of prosecution be denied and that the request of the appellant to withdraw the appeal for lack of ability to prosecute the same without counsel be also denied. It is further ordered that the filing of

**508**

any briefs on behalf of appellant be waived, and that the appellees be requested fully to discuss the issues in the brief to be filed by appellees. Such brief need not be printed, but may be typed, at least four legible copies to be filed. Upon submission of the appeal without argument, the Court will study the record, aided by the brief for the appellees, and will enter judgment on the merits of the appeal.